Green J.
delivered opinion of the court.
The plaintiff prosecutes this action of ejectment to recover a tract .of land granted to him by the State of Tennessee, by granthearing date the 5th day of December, 1832. The defendant resists the plaintiff’s right to recover, and insists that he has a better title in himself by virtue of a grant from the State of North Carolina to Nicholas Rochester, dated the 17th of April, 1793, and mesne conveyances for the land therein described to himself. The grant to Rochester is for *56 0ne thousand acres, and calls to lie “on Duck river, and on sides of Beaver Dam creek, a fork of said river, begin- ' ? o ning at a post oak, on the last line run for the officers and sol-c[jerSj twenty chains west of where said line crosses Duck river, as run the last time; then west one hundred and twenty-five chains to a stake; then north eighty chains to a stake; thence east one hundred and twenty-five chains; then south eighty chains to the beginning.” If this grant be run so that the first line will cross Beaver Dam creek, then north eighty chains' to a stake; then east one hundred and twenty-five chains, and then a straight line to the beginning, the land included in the plaintiff’s grant would not be included in the grant to Rochester; because the first line of the Rochester grant, in that case, would be much longer than the one hundred and twenty-five chains called for, and from the termination of of the distance called for in the third line to the beginning corner, would be a diagonal line. But if the Rochester grant be surveyed according to the corners and distances called for, the land claimed by the lessor of the plaintiff would be included in it. It becomes necessary, therefore, to put a construction upon the calls of this grant, and to determine how it ought to be surveyed.
It is supposed in the argument, that as a matter of course the land included in the grant is to lay on both sides of Beaver Dam creek. We do not think so. True, the grant calls for land lying on both sides of Beaver Dam creek; but it also calls for a beginning at a post oak, “and running west one hundred and twenty-five chains to a stake; thence north eighty chains to a stake,” &c. Now all these calls cannot be complied with; because it will require the first line to be much more than one hundred and twenty-five chains long, in order to reach Beaver Dam creek. It is supposed, that the call for Beaver Dam creek, a natural object, is to have priority of the calls for course and distance, and therefore, that the latter must yield. That doctrine is not applicable to this case. The call for lying “on both sides of Beaver Dam creek” is a general and directory call; whereas, the calls for running west one hundred and twenty-five chains to a stake; then north eighty chains, is special! and locative. “Here” to use the language of Judge Crabb, in Robert vs. Cunningham, 1 Mart, and Yer, “the *57 call for the natural objects yields to the call for course and dis- , 11. . , . , , . . tance, because the latter is a special call, intended to , , , , , , . . nate boundary,” about which the contracting parties, are presumed to be particular, “the former is merely a directory call, intended to lead to the neighborhood of the place, hut making no pretensions to precise accuracy.” In that case the grant called for lying on the south side of Cumberland river, hut the calls of course and distance would cross the river.
The court held that the grant included land on both sides of the river. So here; we think the directory call for lying on both sides of Beaver Dam creek, is to be disregarded, and that the first line should stop at the distance called for. According to this construction, the Rochester grant would cover the land claimed by the plaintiff in this action; therefore, although the charge of the court to the jury may not be entirely correct, yet as the result would have been the same, had a correct charge been given, we affirm the judgment.
Judgment affirmed.